**CONSOLIDATED FREIGHTWAYS, INC., Garrett Freight Lines, Inc., and Northwest Freight Lines, Inc., Plaintiffs,**

v.

**UNITED STATES of America, Interstate Commerce Commission, and Bostwick Freight Lines, Inc., Defendants.**

**Civil No. 181.**

United States District Court
D. Montana,
Billings Division.

May 20, 1960.

Anderson, Symmes, Forbes, Peete & Brown, Billings, Mont., for plaintiffs.

Schulz & Davis, Dillon, Mont., for defendant Bostwick Freight Lines, Inc.

Robert A. Bicks, James H. Durkin, Robert W. Ginnane and Francis A. Silver, Washington, D. C., and Krest Cyr, Butte, Mont., for defendants United States and Interstate Commerce Commission.

Before POPE, Circuit Judge, and MURRAY and JAMESON, District Judges.

PER CURIAM.

Plaintiff motor carriers seek to set aside an order of the Interstate Commerce Commission dated October 10, 1957, granting to Gerald H. Bostwick d/b/a Butte-Dillon Freight Lines, now Bostwick Freight Lines, Inc., a certificate of public convenience and necessity authorizing operation in interstate commerce as a common carrier by motor vehicle of general commodities, with certain exceptions, between Butte, Montana, and Idaho Falls, Idaho.

The certificate was recommended by a Joint Board representing the Interstate Commission and the States of Idaho and Montana in report and order dated March 7, 1957. Exceptions were filed by the plaintiffs in this action and the Union Pacific Railroad and class 1 railroads in the western trunkline territory. On July 12, 1957, a report and order of Division 1 of the Interstate Commerce Commission was entered and served upon all interested parties. On August 15, 1957, a petition for reconsideration of the report and order was filed by the above-named plaintiffs. This petition was denied on October 10, 1957, following a general session of the Interstate Commerce Commission, and certificate of public convenience and necessity was entered October 17, 1957.

■ It is well settled that the function of this court is limited to determining whether the findings of the Interstate Commerce Commission are supported by substantial evidence. " * * * Although the Court and the Commission might differ with respect to the weight of the evidence, or what the evidence reveals, yet that does not give the Court the right to decide whether or not the Commission is mistaken in its findings, if there is substantial evidence upon which to base these findings. * * *" Riss & Co. v. United States, D.C.W.D. Mo.1951, 100 F.Supp. 468, 483, affirmed without opinion 342 U.S. 937, 72 S.Ct. 559, 96 L.Ed. 697, rehearing denied 343 U.S. 937, 72 S.Ct. 769, 96 L.Ed. 1344. "The purpose of Congress was to leave to the Commission authoritatively to decide whether additional motor service would serve public convenience and necessity. * * * This, of course, gives administrative discretion to the Commission * * * to draw its conclusion from the infinite variety of circumstances which may occur in specific instances." Interstate Commerce Commission v. Parker, 1945, 326 U.S. 60, 65, 65 S.Ct. 1490, 1493, 89 L.Ed. 2051. "The function of the reviewing court is * * * limited to ascertaining whether there is warrant in the law and the facts for what the Commission has done. Unless in some specific respect there has been prejudicial departure from requirements of the law or abuse of the Commission's discretion, the reviewing court is without authority to intervene." United States v. Pierce Auto Lines, 1946, 327 U.S. 515, 536, 66 S.Ct. 687, 698, 90 L.Ed. 821.

Plaintiffs contend (1) that there was no showing through substantial evidence of public convenience and necessity for the granting of authority between Butte and Dillon, Montana, and between Butte and Idaho Falls, Idaho; and (2) that Northwest Freight Lines, Inc., should have been permitted to submit evidence as an interested party.

Findings of the Commission pertinent to this action, as set forth in the report and order of Division 1 may be summarized as follows:

1. At the time of filing his application Bostwick was authorized to transport in intrastate commerce general commodities, with certain exceptions, between Butte and Monida, Montana, over the route covered by the certificate in question, serving all intermediate points,

and could perform the same operations in interstate commerce pursuant to its registration under the second proviso of Section 206(a) of the Interstate Commerce Act, 49 U.S.C.A. § 306(a).

2. The plaintiff Garrett Freight Lines was authorized to operate as a common carrier over regular routes, including one between Great Falls, Montana, and San Bernardino, California, through Butte, operating over the route sought by Bostwick, serving intermediate points, and between Idaho Falls and Pocatello. The plaintiff Consolidated Freightways, Inc. was authorized to operate as a common carrier between Butte, Monida, and Idaho Falls.

3. Four Montana shippers, three of whom were located at Dillon, and one at Lima, supported the application, all of them testifying that the existing service was unsatisfactory and that the "proposed service would be not only a convenience, but of genuine benefit to their business." While the supporting shippers were engaged in business activities at a limited number of points, the Commission deemed "their testimony representative."

4. Bostwick's intrastate service is conducted at all points in Montana along the proposed routes, "and an improved service will be offered the public at these points of smaller population both in Montana and Idaho by a grant of authority to serve all points along the route."

5. The grant of authority should not be restricted against service at the termini of Butte and Idaho Falls, "for to so limit would detract from, if not nullify, the economic feasibility of the proposed service."

6. Any reduction in traffic which plaintiffs might suffer "will be relatively minor considering their overall operations", and "this factor is more than offset by the benefit in service which the public, as represented by shippers and receivers located in the communities along the route, will derive in the form of improved motor transportation service."

In our opinion the foregoing findings of the Commission are supported by substantial evidence.

█▌ Plaintiffs contend with regard to "overhead traffic" between Butte, Montana, and Idaho Falls, Idaho, that it appears from the Commission's report and order that the grant of authority is based on "economic feasibility", and that this is insufficient to show public convenience and necessity. While economic feasibility alone is not sufficient to justify a finding of public convenience and necessity, it is a factor which the Commission could properly consider in determining the area and localities to be served and in denying protestants' request for a limitation in the certificate prohibiting the use of the new authority on overhead traffic. In our opinion the record as a whole furnishes substantial evidence of the public convenience and necessity of the overhead traffic.

The factor of economic feasibility was considered by the Supreme Court in American Trucking Ass'ns v. United States, 1957, 355 U.S. 141, 153–54, 78 S.Ct. 165, 172, 2 L.Ed.2d 158, where the Court said in part:

" * * * There was evidence of a serious need for less-than-truckload peddle service: other carriers frequently failed to handle such traffic, and gave service inferior to that of Motor Transit when they did operate. There was testimony that the weight and key-point limitations operated to make even the Motor Transit service less than adequate. It appeared that the peddle traffic alone was not profitable, and that if confined to it Motor Transit could no longer render the caliber of peddle service it had maintained prior to the imposition of the temporary restrictions.

" * * * This evidence leaves us unwilling to suggest that public convenience and necessity could only be advanced by confining Motor Transit to service of the smaller communities, while leaving the more profitable business to others. Public need for Motor Transit's operation in truckload traffic to some ex-

**8**

tent can be grounded on the need for its operation in peddle traffic, since economic justification for carrying on a costly peddle operation depends on combining it with a more lucrative truckload operation."

Plaintiff contends that Northwest Freight Lines, Inc. should have been permitted to submit evidence at the hearing before the Joint Board. Northwest made an offer of proof that it regularly interlined traffic at Butte with Garrett, which either originates or terminates on its own lines east of Butte or those of Garrett. The Commission was of the opinion that the Joint Board erred in excluding this testimony, but held that the exclusion was not determinative of the issues presented and that the Board's ruling accordingly was not prejudicial. We agree with the Commission. Northwest's entire interest was by reason of interline agreements with Garrett. The evidence submitted on behalf of Garrett was sufficient to permit the Commission to determine the issue with respect to both Garrett and Northwest.

Judgment will be entered for the defendants.