STATE OF MONTANA, Board of Railroad Commissioners of the State of Montana and Jack Holmes, Paul T. Smith and Louis G. Boedecker, as members of and constituting said Board, Plaintiffs,

v.

UNITED STATES of America, Defendant,

and

Great Northern Railway Company, a corporation, and Interstate Commerce Commission, Intervening Defendants.

Civ. A. No. 881.

United States District Court
D. Montana,
Butte Division.
Feb. 9, 1962.

Wm. P. Mufich, Helena, Mont., for plaintiff.

Newell Gough, Jr., and Edwin T. Booth, Helena, Mont., and H. V. Rhedin, St. Paul, Minn., for defendant and intervenor Great Northern Ry. Co.

Moody Brickett, U. S. Atty., Butte, Mont., and Francis Silver, Washington, D. C., for United States and Interstate Commerce Commission.

R. W. Gabriel, Great Falls, Mont., for City of Great Falls.

L. R. Bretz, Great Falls, Mont., for Cascade County Railroad Employees Ass'n.

Thomas J. Hanrahan, Helena, Mont., for Lewis and Clark County.

Robert J. Holland, Butte, Mont., for Silver Bow County.

Allen LeMieux, Boulder, Mont., for Jefferson County.

William N. Geagan, Butte, Mont., for City of Butte.

Before BROWNING, Circuit Judge, and MURRAY and JAMESON, District Judges.

PER CURIAM.

By the Act of August 12, 1958 (72 Stat. 571, 49 U.S.C. § 13a(2)), Congress has provided that if an agency of a State denies the application of a carrier for authority to discontinue the operation of a train within the State, the carrier may petition the Interstate Commerce Commission for authority to discontinue the operation. The Act provides that the Interstate Commerce Commission may authorize the discontinuance of local train service if it finds (1) that the public convenience and necessity permits the discontinuance of the local service, and (2) that continuance of the local service would constitute an unjust and undue burden upon the interstate operations of the carrier.

The Great Northern Railway Company applied to the Board of Railroad Commissioners of the State of Montana for permission to discontinue the operation of passenger trains 235 and 236 between Butte, Helena, and Great Falls, Montana. Permission was denied. The carrier then filed a petition with the Interstate Commerce Commission asking the Commission to authorize the discontinuance of the service. After a full hearing, the Commission found, as provided by the Act, "that the present and future public convenience and necessity permit discontinuance by the Great Northern Railway Company of its passenger trains Nos. 235 and 236 between Great Falls and Butte, Montana, and that the continued operation of such trains would constitute an unjust and undue burden upon the carrier's interstate operations and upon interstate commerce." Accordingly, the Commission entered an order authorizing the discontinuance of trains 235 and 236.

The plaintiffs then filed the present suit asking this Court to set aside the order of the Commission upon two grounds. First, it is asserted that the Commission was without power to issue the order complained of because the stenographer's transcript of the hearing before the Commission failed to show that the Commission had notified the Governor of the State of Montana of the hearing before the Commission, as required by the Act of August 12, 1958. Second, it is asserted that the Commission's findings with respect to the public convenience and necessity and the burden upon inter-

state commerce were not supported by the record made before the Commission.

We turn first to the challenge to the Commission's jurisdiction. The Commission expressly found that notice "was duly given to the Governor of the State of Montana," and this finding is supported by documentary evidence in the official record of the Commission's proceedings, though not recited in the transcript. The appropriate agency of the State of Montana appeared before the Commission and presented the position of the State with thoroughness and vigor at every step in the proceedings. The receipt of due and regular notice of the hearing before the Commission was initially conceded in the complaint filed on behalf of the State in this Court, and the contentions on behalf of the State were again fully and effectively presented here. There is no suggestion that the State lacked actual notice or that the asserted failure to receive formal notice in any way prejudiced the adequate presentation of the State's position. The purpose of the statutory requirement that notice be given to the Governor of the State concerned is to "ensure due consideration of the local interests * * *." State of Colorado v. United States, 271 U.S. 153, 167, 46 S.Ct. 452, 455, 70 L.Ed. 878 (1926). It is clear from the record here that this purpose was fully accomplished. We conclude that the record is sufficient to support the finding that formal notice was given; and, in any event, that actual notice was received, and that formal notice, which like personal service is subject to waiver, was in fact waived.

We turn to the attack upon the Commission's order on its merits. The parties agree that the function of this Court in reviewing the order of the Commission is a narrow one. It is not the function of the Court to determine what effect the proposed discontinuance of local service may have upon the public convenience and necessity and upon interstate commerce; the Congress has placed that responsibility upon the Commission. Compare United States v. Pierce Auto

Freight Lines, Inc., 327 U.S. 515, 535–536, 66 S.Ct. 687, 90 L.Ed. 821. As we said in Consolidated Freightways, Inc. v. United States, 191 F.Supp. 5, 6 (D.Mont. 1960):

"It is well settled that the function of this court is limited to determining whether the findings of the Interstate Commerce Commission are supported by substantial evidence. ' * * * Although the Court and the Commission might differ with respect to the weight of the evidence, or what the evidence reveals, yet that does not give the Court the right to decide whether or not the Commission is mistaken in its findings, if there is substantial evidence upon which to base these findings. * * * '"

The Commission summarized the factual conclusions upon which its determination was based in these words: "As shown, the losses from the operation of the trains in question are substantial and continuing and few people patronize the service. Even most of those who oppose the proposal do not use the trains and it does not appear that substantial segments of the public will use them in the future. Adequate alternative transportation is available." We have made a detailed examination of the evidence from which the Commission reached these conclusions, both generally, and in the light of the specific objections raised by the plaintiffs. The evidence is in many respects conflicting. Cogent arguments could be, and were, advanced against the Commission's conclusions. Nonetheless, it cannot be fairly denied that the conclusions which the Commission reached in its evaluation of the record were supported by substantial evidence. In these circumstances, the Court may not annul the order of the Commission as prayed.

Similarly, we find no error in the denial by the Commission of plaintiffs' motion to reopen the hearing for the presentation of further evidence. Motions of this sort are addressed to the discretion of the Commission, and, in light of the largely cumulative nature of the

proffered evidence, we cannot say that the discretion vested in the Commission was abused.

The complaint must therefore be dismissed.