**POPELKA TRUCKING CO., a Montana corporation, Plaintiff,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Defendants.**

Civ. No. 918.

United States District Court, D. Montana, Billings Division.

May 24, 1971.

Joseph F. Meglen, Billings, Mont., for plaintiff.

Otis L. Packwood, U. S. Atty., Billings, Mont., Geraldine R. Keyes, Atty., Interstate Commerce Commission, Washington, D. C., for defendants.

Before BROWNING, Circuit Judge, and JAMESON and BATTIN, District Judges.

PER CURIAM:

In this action plaintiff seeks to annul an order of the Interstate Commerce Commission denying it authority to transport lumber and lumber products from Park County, Montana, to points in Illinois, Indiana, Iowa, and Nebraska. The Commission denied plaintiff's application for permanent authority in April, 1970. In September, 1970, the Commission affirmed its action and denied a petition for reconsideration. After plaintiff filed its complaint in this case, the court, after hearing, issued a temporary restraining order permitting plaintiff to continue operating under temporary authority pending judicial review by a three judge court pursuant to Title 28 U.S.C., Section 2325. The hearing before the three judge court was held on April 28, 1971.

The questions for review are (1) whether the Commission's conclusion that plaintiff failed to prove a need for an additional carrier's service is rational and supported by substantial evidence, and (2) whether the Commission abused its discretion in rejecting substantive new evidence in plaintiff's petition for reconsideration. On both issues the court finds in favor of defendants.

The scope of judicial review of the Commission's orders is limited to determining whether the findings of the Commission are supported by substantial evidence. Consolidated Freightways, Inc. v. United States, 191 F.Supp. 5 (D.Mont. 1960); United States v. Pierce Auto Freight Lines, 327 U.S. 515, 66 S.Ct. 687, 90 L.Ed. 821 (1946). The Commission was warranted in finding that plaintiff failed to show a public need for additional service. Only one shipper filed a verified statement in behalf of plaintiff. Others carriers were shown to be ready and willing to provide that shipper with suitable transportation. And plaintiff did not show with particularity any inadequacy of the service of existing carriers.

The denial of the petition for reconsideration was not an abuse of discretion. Considering the necessity for efficient administration and the Commission's finding that the new evidence would not produce a different result, we have no difficulty holding that the petition for reconsideration was properly denied.

It is therefore ordered that the temporary restraining order issued December 10, 1970, is dissolved and the action is hereby dismissed.